**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**James R. GILLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 2001.
Filed April 30, 2002.

John R. Ryan, Clearfield, for appellant.

Paul E. Cherry, Asst. Dist. Atty., Clearfield, for Com., appellee.

Before: STEVENS, LALLY–GREEN, and HESTER, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Clearfield County following Appellant's conviction on the charges of involuntary manslaughter, aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), simple assault, recklessly endangering another person, and driving under the influence.[1] Appellant contends: (1) The suppression court erred in failing to suppress the state-

ments he made to the police, (2) The jury's verdict was inconsistent; and (3) The trial court erred in failing to grant Appellant's motion for a mistrial, which was requested after testimony by a Commonwealth witness. We affirm.

¶ 2 Appellant first challenges the suppression court's denial of his motion to suppress. Our standard of review in this case is well settled.

> In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177, 178–179 (1992).

¶ 3 Keeping the aforementioned standard of review in mind, the relevant facts and procedural history are as follows: On July 16, 1999, at approximately 6:30 p.m., Appellant and the victim were in the vicinity of a pickup truck parked on the left side of Six Mile Road. Several witnesses saw the two men engaged in an argument, and one of the witnesses observed the men in a "bear hug." At approximately 7:00 p.m., Chief Nick Richtscheit of the Houtzdale

---

**1.** Appellant was found not guilty of first-degree murder, third-degree murder, and aggra-

vated assault under 18 Pa.C.S.A. § 2702(a)(4).

Borough Police Department received a call that a man was lying on the roadway on Six Mile Road and another man was sitting in the vehicle reviving the engine in the truck. Chief Richtscheit arrived on the scene and saw Appellant seated behind the wheel of the pickup truck and the victim lying on the ground in a semi-fetal position about seven feet from the left-front tire of the truck. The Chief noticed skid marks in the dirt and a large donut on the roadway where a vehicle appeared to have accelerated rapidly in a semi-circle and come to rest. He also saw a small pile of dirt in front of the rear tires, indicating rapid acceleration in reverse. The drive transmission and the drive train of the truck were lying under the truck.

¶ 4 Chief Richtscheit approached the vehicle and asked Appellant what had happened to the man on the ground. Appellant's response was "F*** him, that's what he gets." N.T. 7/12/2000 at 100. The truck was not running but the keys were in the ignition. The officer again asked Appellant what happened. Appellant's response was to laugh and say, "He's just laying [*sic*] there, resting." N.T. 7/12/2000 at 101. Chief Richtscheit asked Appellant to get out of the vehicle. Eventually, Appellant complied with the request and, when he did, the officer noticed that Appellant was under the influence of alcohol. Appellant was arrested at the scene for driving while under the influence and taken to the county jail until he was sober enough to understand arraignment. Appellant's blood alcohol content was .207%. The victim died as a result of blunt force trauma and his injuries were consistent with being struck by an automobile that was traveling between 25 and 35 miles per hour.

¶ 5 The following day Appellant consented to speaking with Chief Richtscheit and Chief Randy Killion of the Decatur Township Police Department.[2] He told the officers that he and the victim worked together and had left work around 2:30 p.m. They went to the hardware store and then purchased a case of beer and a bottle of Rumple Minze alcohol. During the interview, Appellant told the officers that he and the victim were drinking, and he admitted that no one else had been with them until Appellant encountered the police at the scene of the accident. He offered no explanation for the victim's injuries and said he vaguely remembered Chief Killion from the previous night.

¶ 6 Appellant was charged with various offenses, and he filed pre-trial motions seeking to suppress statements made to the police on two grounds: that the statements were obtained without a waiver of his *Miranda*[3] rights and that he was under the influence of alcohol to a degree that diminished his mental capacity so that he had no memory of making such statements. The motions were denied by order dated May 16, 2000. Appellant proceeded to a jury trial, and on July 14, 2000, he was found guilty of the charges indicated *supra*.

¶ 7 On August 22, 2000, Appellant was sentenced, and on September 20, 2000, Appellant filed a direct appeal. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P.1925(b), such a statement was filed, and the trial court filed a Pa.R.A.P.1925(a) opinion.

■ ¶ 8 As indicated previously, Appellant's first contention is that the trial court erred in admitting statements allegedly made by Appellant in response to questions asked of him by the arresting officer

---

2. The Houtzdale Borough and Decatur Township Police Departments had a municipal aid agreement.

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

at the scene of the incident. Specifically, Appellant contends the suppression court should have suppressed the statements he made at the accident scene because (1) the statements were obtained prior to Appellant being advised of his *Miranda* rights and (2) the statements were made during an alcoholic blackout rendering Appellant incapable of making voluntary, trustworthy statements. We find Appellant's suppression issues to be waived.

The fundamental tool for appellate review is the official record of what happened at trial, and appellate courts are limited to considering only those facts that have been duly certified in the record on appeal. To ensure that the appellate courts have all necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of certified records from trial courts to appellate courts.

\* \* \*

[Pa.R.A.P.1911] makes it clear that appellants must order all transcripts necessary to decide the appeal, and that the Superior Court may take any action it deems appropriate, including dismissal of the appeal, if the appellant does not order the necessary transcripts.

*Commonwealth v. Williams*, 552 Pa. 451, 456–457, 715 A.2d 1101, 1103–1104 (1998) (citation omitted).

¶ 9 In the case *sub judice*, the notes of testimony from Appellant's suppression hearing were not included in the certified record. After making several inquires, this Court discovered that the notes of testimony were not transcribed, and, therefore, on February 6, 2002, we filed an order directing the Court of Common Pleas to hold an evidentiary hearing in order to determine to whom fault for the absent transcript should be attributed. *See Williams, supra* (holding that, when transcripts are missing, appellate courts should remand for an evidentiary hearing to determine to whom the fault is attributable). The trial court held an evidentiary hearing on February 26, 2002, and filed an opinion indicating that Appellant was to blame for the missing transcript. In particular, the trial court found that Appellant's request for transcription was insufficient to notify the stenographer that the notes of testimony from the suppression hearing were being requested. We find no error in this regard.

¶ 10 Following the filing of his notice of appeal, Appellant filed an order stating "the official court reporter is hereby ordered to produce, certify, and file transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure." Appellant failed to specify precisely which notes he sought transcription of, indicate all notes were to be transcribed, or in any other manner identify the suppression transcript. Since Appellant's statement was insufficient to notify the stenographer that the notes of testimony from the suppression hearing were to be transcribed and transmitted to this Court, we conclude the trial court did not err in attributing fault to Appellant.[4] As we find the suppression transcript is necessary for our review, and Appellant has failed to provide us with the necessary transcript, we find the suppression issues to be waived. *See Commonwealth v. Steward*, 775 A.2d 819 (Pa.Super.2001) (holding that an appellant is responsible to order all transcripts necessary for review).

---

4. As the trial court indicated, in a criminal matter, many proceedings may have taken place which were recorded. However, it is unreasonable to expect the court reporter to transcribe all of the proceedings simply because the appellant asks the court reporter to "produce, certify, and file transcript in the matter...." If Appellant wanted all of the notes of testimony transcribed, or in particular the suppression notes of testimony, then he should have so indicated in his order.

¶ 11 Moreover, with regard to Appellant's first suppression issue, we find it is also waived pursuant to Pa.R.A.P.1925(b). The trial court ordered Appellant to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b), and, while Appellant filed the requested statement, he failed to allege specifically that his statements should have been suppressed because of an alleged *Miranda* violation.

¶ 12 "Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998) Accordingly, we find Appellant's first suppression issue to be waived on this ground as well.

■ ¶ 13 Appellant's next contention is that the jury's verdict is inconsistent. Specifically, he alleges that, since the jury acquitted him on the charge of third-degree murder, his conviction on the charge of aggravated assault should be vacated as both crimes require malice.

■ ¶ 14 In this jurisdiction, inconsistent verdicts are not a basis for reversal. *Commonwealth v. Larsen,* 452 Pa.Super. 508, 682 A.2d 783 (1996). "The rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment. [A]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Miller,* 441 Pa.Super. 320, 657 A.2d 946, 948 (1995) (citation, quotation, and quotation marks omitted). Inconsistent verdicts by a jury will not be disturbed, provided that the Commonwealth produces sufficient evidence of the crime for which the defendant is convicted. *Id.*

To determine if the evidence is sufficient, we view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. A mere conflict in the testimony does not render the evidence insufficient ... because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence.

*Commonwealth v. Mechalski,* 707 A.2d 528, 530 (Pa.Super.1998) (citations omitted).

¶ 15 Aggravated assault arises when a person attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting an extreme indifference to the value of human life. 18 Pa.C.S.A. § 2702(a)(1).

¶ 16 Viewed in a light most favorable to the Commonwealth as verdict winner, the evidence adduced at trial established that Appellant and the victim were seen arguing by the side of the road next to Appellant's truck. When the police arrived, the victim was lying in a fetal position in close proximity to the front wheel of the truck, and Appellant was behind the driver's wheel with the engine off but the key in the ignition. There were signs in the dirt surrounding the truck indicative of recent acceleration. The victim's cause of death was blunt force trauma consistent with injuries caused by an automobile traveling 25 to 30 miles per hour. Appellant's blood alcohol was reported as .207%.

¶ 17 We conclude the facts sufficed to establish that Appellant, after arguing with the victim, caused serious bodily injury intentionally, knowingly, or recklessly under circumstances manifesting an extreme indifference to the value of human life. Therefore, we find Appellant's second claim to be without merit. *Commonwealth*

*v. Nicotra,* 425 Pa.Super. 600, 625 A.2d 1259 (1993).

¶ 18 Appellant's final claim is that the trial court erred in denying Appellant's request for a mistrial, which was made following testimony elicited from Commonwealth witness Trooper Dewaine R. Kephart, Jr. Specifically, Trooper Kephart testified that when he arrived at the scene, he asked Appellant what happened and Appellant's response was, "F*** you, wouldn't you like to know?" N.T. 7/12/2000 at 133. Trial Counsel objected and requested a mistrial, claiming the statement had not been provided in discovery. The trial court denied the motion for a mistrial, but immediately instructed the jury that the statement was not to be considered by them for any reason. Specifically, the trial court stated the following:

> All right. You just heard the trooper here make a reference to a statement that the defendant had allegedly made to him and, if I pick it up correctly, was going to get into something else when we had the objection and we stopped. I'm making a ruling that these items of alleged statements are not properly admissible in the case because evidence related thereto was not previously provided [to the] defense. So I'm instructing you as a matter of law to completely disregard the testimony that the trooper just gave concerning these alleged statements. They are not to be considered by you in any form whatsoever during your deliberations or in your thought processes throughout the case due to the reasons that I've stated.

N.T. 7/12/00 at 134.

¶ 19 Assuming, *arguendo,* that the officer's statement was improper, we find the statement to be harmless error.

A motion for mistrial is a matter addressed to the discretion of the court. A trial court need only grant a mistrial where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial.

A mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice. *Commonwealth v. Fetter,* 770 A.2d 762, 768 (Pa.Super.2001) (citations omitted). The law presumes that jurors will follow the trial court's instructions. *Commonwealth v. Brown,* 567 Pa. 272, 786 A.2d 961 (2001).

¶ 20 We conclude that the trial court's thorough cautionary instruction was adequate to overcome any possible prejudice, and, therefore, the comment did not deprive Appellant of a fair trial. Moreover, we note that the Commonwealth did not mention the officer's testimony again or otherwise take advantage of the testimony. Therefore, we find Appellant is due no relief as to the last issue.

¶ 21 For the foregoing reasons, we affirm the judgment of sentence.

¶ 22 Affirmed.