J-A09027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF VIRGINIA K. GALLOWAY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: GAIL GALLOWAY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 742 MDA 2022 |

Appeal from the Order Entered May 4, 2022
In the Court of Common Pleas of Huntingdon County Orphans' Court at
No(s):  2017-00283

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: MARCH 29, 2023**

Appellant, Gail Galloway, appeals *pro se* from the order entered on May 4, 2022, which denied his challenge to the probate of the last will and testament of decedent Virginia K. Galloway (hereinafter "Decedent").  We affirm.

The Orphans' Court ably summarized the underlying facts of this case and discussed the reasons it denied Appellant's claims:

> [Decedent] died on November 30, 2017.  Her Will was admitted to probate on December 7, 2017.  Letters testamentary were granted that same day to Janet F. Madden ("Executrix"), who was named executrix under the Will.

> . . . [Appellant] initiated this will contest on December 19, 2018, by filing a civil complaint in the Huntingdon County Court of Common Pleas, Civil Division.  The complaint was transferred to the Orphans' Court Division by order entered April 29, 2019.  After various filings by the parties, a non-jury trial was held on March 2, 2022.

[Appellant] challenge[d] the probate of the Will on two grounds: (1) undue influence on the part of Executrix and her husband, James Madden; and (2) that the Will was forged. Both claims fail.

In order to prevail on a claim of undue influence, the complainant must first establish, by clear and convincing evidence, that: (i) the testator suffered from a weakened intellect at the time the will was executed; (ii) there was a person in a confidential relationship with the testator; and (iii) the person in the confidential relationship received a substantial benefit under the challenged will. *In re: Bosley*, 26 A.3d 1104, 1107-1108 (Pa. Super. 2011) (citations omitted). If these three elements are established by the complainant, then the burden shifts to the [] proponent of the will to prove the absence of undue influence by clear and convincing evidence. *Id.* at 1108 (citation omitted). Here, [Appellant] failed to establish the first and third elements. He [did not] prove[] that Decedent suffered from a weakened intellect at the time she executed the Will. He also [did not] prove[] that the benefit received by Executrix under the Will [was] so significant in relation to the estate and the shares given to other beneficiaries that it [was] "substantial" for undue influence purposes. Executrix [did] not have the authority to modify the gifts, bequests, and devises under the Will in such a way that her share would increase, and she arguably is only receiving a one-sixth share (she and Mr. Madden, together, receive an undivided one-third share).

In order to establish a claim that a will is a forgery, the complainant must prove the existence of the forged document by clear, direct, precise, and convincing evidence. *In re Estate of Cruciani*, 986 A.2d 853, 855 (Pa. Super. 2009) (citation omitted). Here, [Appellant] failed to do so. Instead, he [] attempted to rely on conclusory accusations of wrongdoing on the part of Executrix and Mr. Madden, along with self-serving allegations that Decedent wanted to execute a new will before her death, to establish this claim. To say that such evidence and testimony lacks credibility is an understatement.

Trial Court Opinion, 5/4/22, at 1-2 (footnotes omitted).

Appellant filed a timely notice of appeal. On appeal, Appellant challenges the factual findings and evidentiary rulings that the Orphans' Court made during the March 2, 2022 trial. *See* Appellant's Brief at 5-11. However, Appellant failed to include the notes of testimony from the March 2, 2022 trial in the certified record. Therefore, Appellant's claims on appeal are waived. *Commonwealth v. Saranchak*, 675 A.2d 268, 275 (Pa. 1996) ("[i]t is appellant's responsibility to ensure that any relevant related matter be filed or made part of the original record" and, where appellant fails to ensure that the certified record is sufficient to review the claims raised on appeal, the claims are waived); *Commonwealth v. Kennedy*, 868 A.2d 582, 593 (Pa. Super. 2005) ("this Court may not consider anything that is not part of the official certified record: [a]ny document which is not part of the official certified record is considered to be non-existent, which deficiency may not be remedied by inclusion in the reproduced record") (quotations and citations omitted); *Commonwealth v. Gillen*, 798 A.2d 225, 229 (Pa. Super. 2002) (holding that it is an appellant's responsibility to order all transcripts necessary for review and that a failure to do so constitutes waiver of the issue).

Order affirmed.  Jurisdiction relinquished.

Oral argument scheduled for April 12, 2023, canceled.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2023