**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZUBAIR R. TAALIBUD-DEEN | : | |
| | : | |
| Appellant | : | No. 531 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 26, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-SA-0000042-2024

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: DECEMBER 22, 2025**

Appellant, Zubair R. Taalibud-Deen, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his summary appeal conviction for driving with a suspended license – DUI related.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 18, 2023, Appellant received a traffic citation for driving with a suspended license – DUI related.  On March 26, 2024, the magisterial district judge found Appellant guilty of the offense.  That same day, Appellant filed a notice of appeal to the Court of Common Pleas.  On September 11, 2024, the trial court convicted Appellant of the offense.  On March 26, 2025, the court sentenced Appellant to pay a fine and costs.

---

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

On April 25, 2025, Appellant timely filed a *pro se* notice of appeal. On May 1, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the date of the order. Appellant did not comply with this order.

On appeal, Appellant raises the following issue for review:

> The trial court erred in convicting Appellant without sufficient evidence proving [Appellant was] the driver.

(Appellant's Brief at 1).

As a preliminary matter, we must address Appellant's failure to file a court-ordered Rule 1925(b) statement. Pennsylvania law makes clear:

> [A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **See Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 309 (1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. **See** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained ... that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

**Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 250 A.3d 468 (2021). **See also** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived). **See also Commonwealth v. Eldred**, 207 A.3d 404, 407 (Pa.Super. 2019) (holding failure to comply

with minimal requirements of Rule 1925(b)(i) results in automatic waiver of issues on appeal).

Instantly, the trial court issued its Rule 1925(b) order on May 1, 2025. The order makes clear that failure to comply with the court's directive will result in waiver of the claims raised on appeal. The record indicates that the order was sent to Appellant at his home address. Nevertheless, Appellant has failed to file a Rule 1925(b) statement. Therefore, Appellant's issue is waived on appeal. ***See Bonnett, supra***.

Even if we could overlook Appellant's failure to file the court-ordered Rule 1925(b) statement, his issue on appeal would be waived for two additional reasons. First, Appellant failed to order a transcript of his September 11, 2024 summary appeal hearing. Pursuant to Pa.R.A.P. 1911, it is the appellant's responsibility to order all transcripts necessary to decide the appeal, and this Court may dismiss the appeal if the appellant does not order the necessary transcripts. **See** Pa.R.A.P. 1911; ***Commonwealth v. Gillen***, 798 A.2d 225, 229 (Pa.Super. 2002). Second, Appellant's brief fails to comply with the Rules of Appellate Procedure as it does not cite to the record or provide developed arguments with citation to pertinent authority. ***See Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (explaining that *pro se* status does not confer any special benefits upon the litigant). **See also** Pa.R.A.P. 2119(a) (explaining required content of argument section of brief); Pa.R.A.P. 2101 (stating that failure to comply with briefing requirements can result in quashal or dismissal of appeal).

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/22/2025</u>